UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RICHARD FABER and
JENNIFER MONROE, Individually, and
also on behalf of all similarly situated persons,

    **PLAINTIFFS,**

vs.                                             Civil Action No:   2:16-cv-02337-STA-cgc
                                                                JURY DEMAND

CIOX HEALTH, LLC, d/b/a HEALTHPORT
TECHNOLOGIES, LLC,

    **DEFENDANT.**

---

**RESPONSE TO COURT'S ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE AND RESPONSE TO MOTION OF DEFENDANT CIOX HEALTH, LLC TO ALTER OR AMEND ORDER ON DEFENDANT'S MOTION TO DISMISS**

---

On October 27, 2017, Defendant Ciox Health, LLC ("Defendant") filed its Motion to Alter or Amend this Court's September 29, 2017 Order (the "Motion") granting, in part, and denying, in part, Defendant's Motion to Dismiss. Pursuant to Local Rule 7.2(a)(2), Plaintiffs had fourteen (14) days to file a timely response, until November 10, 2017. November 10, 2017 was the day set aside for the observance of Veterans' Day, a recognized federal holiday[1]. Pursuant to Rule 6 of the Federal Rules of Civil Procedure and Local Rule 6.1, Plaintiffs' time period for filing their response to Defendant's Motion continued to run until November 13, 2017, the first day that was not a holiday, Saturday, or Sunday.

---

[1] Veterans' Day falls on November 11 each year.  5 U.S.C. § 6103.  Since November 11 was a Saturday, the preceding Friday is recognized as the day of observance for that holiday.  *Id.*  Given the adjustment caused by the holiday weekend, Plaintiffs greatly appreciate the Court's provision of seven days from the date of its order to show cause why Defendant's Motion should not be granted (Doc. No. 45).

1

## I.  INTRODUCTION

In its Motion, Defendant seeks to re-litigate two issues already considered by the Court. First, Defendant argues that the term "personal representative" in 45 C.F.R. §164.502(g) cannot include attorneys, an argument Defendant raised and Plaintiffs responded to in the pleadings. The Court, interpreting this section and evaluating the arguments of the parties, held that attorneys may be personal representatives. Second, Defendant argues that the Court ignored the distinction between "requests" and "authorizations" under HIPAA. Defendant has previously asserted that this argument was properly raised in its pleadings, to which Plaintiffs responded.

Defendant's repetition of these arguments is unavailing. Pursuant to Federal Rule of Civil Procedure 54(b) and Local Rule 7.3, Defendant must show either a change in law, newly discovered evidence, or a manifest failure by the Court to consider the facts or arguments of the parties. Defendant has not done so, instead simply repeating the same arguments considered and rejected by the Court. Defendant's Motion should be denied, both because such repetition is improper on a motion to alter or amend, and because the Court's reasoning was correct.

## II.  BACKGROUND

### A.     Procedural History

On June 24, 2016, Defendant filed its Motion to Dismiss Plaintiffs' Complaint (Doc. No. 12) ("First Motion to Dismiss"). On July 14, 2016, Plaintiffs filed their First Amended Class Action Complaint (Doc. No. 15), rendering moot Defendant's First Motion to Dismiss. On August 1, 2016, Defendant filed its Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 18) ("Second Motion to Dismiss"). Defendant argued that Plaintiffs' Complaint should be dismissed due to lack of standing, the lack of a private right of action under HIPAA, and the

presumption of reasonableness under the Tennessee Medical Records Act (Doc. No. 18). Plaintiffs timely responded to Defendant's Second Motion to Dismiss on September 1, 2016 (Doc. No. 19).

On October 3, 2016, Defendant filed a Reply in Support of its Motion to Dismiss (Doc. No. 22-1). As discussed more fully below, Defendant's Reply included new arguments not discussed in its original motion. Based on these new arguments, on October 10, 2016, Plaintiffs filed a motion seeking permission to file a sur-reply brief (Doc. No. 24). Defendant responded, arguing that its reply did not raise any new issues (Doc. No. 25). On November 2, 2016, the Court granted Plaintiffs' motion and accepted Plaintiffs' proposed sur-reply (Doc. No. 26).

On September 29, 2017, the Court entered an order granting, in part, and denying, in part, Defendant's Motion to Dismiss (the "Order") (Doc. No. 40). Defendant has now moved to alter or amend the Court's Order pursuant to Rule 59 (the "Motion") (Doc. No. 43). On November 13, 2017, the Court entered an order construing Defendant's improper Rule 59 motion as a motion made under Federal Rule 54(b) and Local Rule 7.3 (Doc. No. 45).

**B.     The Rule 59 Standard, the Rule 54(b) Standard, and Local Rule 7.3**

"Reconsideration of a prior order is an extraordinary remedy which should be used sparingly." *Arch Specialty Ins. Co. v. Cline*, No. 10-2114-STA, 2013 U.S. Dist. LEXIS 191566, *3 (W.D. Tenn. June 21, 2013). Rule 59 motions "are not intended as a vehicle to re-litigate previously considered issues . . . and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Am. Accessories, Int'l, LLC v. Conopco, Inc.*, No. 3:15-CV-49-TAV, 2017 U.S. Dist. LEXIS 829, *7-8 (E.D. Tenn. Jan. 4, 2017) (citing to multiple authorities). A party seeking to alter a previous order may not simply rely on

the same arguments already considered and rejected by the court, but must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

A district court may grant a Rule 59(e) motion only if the movant proves: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or, (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). A "mere disagreement" with the court's initial decision will not support a Rule 59 motion. *See Slate v. Am. Broad. Cos., Inc.*, 12 F.Supp.3d 30 (D.D.C. 2013). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Instead, a Rule 59 motion "must either clearly establish a manifest error of law or must present newly discovered evidence." *Id.* (quoting *FDIC v. World Univ. Inc.*, 978, F.2d 10, 16 (1st Cir. 1992)).

The Court correctly held that Rule 59 does not apply to the Motion because the Court's Order does not constitute a final judgment. Instead, Defendant's Motion is governed by Federal Rule 54(b) and Local Rule 7.3(b). In the Sixth Circuit, "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).

Local Rule 7.3 tracks the Sixth Circuit's Rule 54(b) standard and states that a motion for revision of a previous order must specifically show one of the following:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for the revision did not know such fact or law at the time of the interlocutory order; or
>
> (2) the occurrence of new material facts or a change of law occurring after the time of such order; or

4

(3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

*See* W.D. Tenn. R. 7.3(b). "Motions to reconsider interlocutory orders are not otherwise permitted." W.D. Tenn. R. 7.3(a). In making such a motion, the movant may not simply repeat the oral or written argument previously made in support of or opposition to the interlocutory order. W.D. Tenn. R. 7.3(c).

### III. ARGUMENT

#### A. Defendant's Motion is an Improper Attempt to Re-Argue Its Motion to Dismiss.

Defendant bases its Motion on two alleged mistakes of law. Defendant's Motion largely rehashes the arguments already made in its Motion to Dismiss and Reply, using predominantly the same citations and factual bases for these arguments. As discussed more fully below, the Court's well-reasoned Order was correct on both issues cited by Defendant. Defendant's Motion does not claim any material difference in fact or law from that presented to the Court of which it was unaware under Local Rule 7.3(b)(1). Nor does Defendant claim any new material facts or change of law has occurred since the entry of the Court's Order under Local Rule 7.3(b)(2). Defendant also does not identify any material facts or dispositive legal theories that were presented to the Court but that the Court failed to consider under Local Rule 7.3(b)(3). Rather than presenting a "manifest failure by the Court to consider material facts or dispositive legal arguments," Defendant's Motion merely seeks to re-litigate the issues already discussed at length and decided against it. Thus, as a threshold matter, Defendant's repackaged arguments on these two issues are improper.

First, Defendant claims the Court erred in stating that HIPAA does not define the term "personal representative." In support, Defendant cites to 45 C.F.R. §164.502(g), arguing that the

5

Court somehow overlooked this section of the Code of Federal Regulations.  This section was cited and discussed extensively in Defendant's Reply in Support of the Motion to Dismiss (Doc. No. 22-1 at 4-6), as well as in Plaintiffs' Response (Doc. No. 19 at 15) and Sur-Reply (Doc. No. 27).  More importantly, the Court cited to the same provision in its Order.  (Doc. No. 40 at 15).

Defendant's Motion, rather than presenting a manifest failure to consider fact or law, simply rehashes the same argument raised in Defendant's Reply Brief (Doc. No. 22-1 at 4).  In fact, Defendant cites to the ***exact same section*** of the Code of Federal Regulations that it relied on in its Reply Brief.  *Id*.  Defendant presents no new evidence or change in the law to support its argument.  Instead, Defendant's Motion repeats the same line of reasoning already considered and rejected by the Court.

Second, Defendant argues at length that the Court was somehow fooled by Plaintiffs' "attempt[s] to conflate two distinct types of medical records requests."  *See* Motion (Doc. No. 43 at 4).  In support of this argument, Defendant relies almost entirely on a discussion of *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078 (9th Cir. 2007).  Again, Defendant does not show any facts to support relief under Local Rule 7.3(b)(1) or (2)—Defendant does not claim any change in law or any material difference in fact or law from that presented to the Court of which it was innocently unaware.  In fact, the *Webb* case on which Defendant relies was discussed in Defendant's First Motion to Dismiss (Doc. No. 12-1 at 20) and in Defendant's Reply in Support of its Second Motion to Dismiss (Doc. No. 22-1 at 5-6).

The repetitive nature of Defendant's Motion is evident from its own pleadings. Defendant has expressly stated that it has presented its argument on the "request"/"authorization" issue in its First Motion to Dismiss, Second Motion to Dismiss, and its Reply.  *See* Response to Plaintiffs' Motion for Permission for Leave to File Sur-reply (Doc. No. 25 at 2).  As above,

6

Defendant does not offer any new evidence or a change in the law to support this argument, nor any manifest failure by the Court to consider material facts or dispositive legal arguments, but instead merely disagrees with the Court's legal analysis.

Local Rule 7.3 is not intended as a "second bite at the apple" for litigants to rehash arguments already considered and rejected by the Court. Rather than presenting any new evidence or argument, Defendant simply repeats the same legal arguments offered in its briefs, even citing the same regulations and case law. Pursuant to Local Rule 7.3, the Court would commit no error by simply striking Defendant's filing altogether due to the repetition of the same arguments already considered and rejected by the Court. *See* W.D. Tenn. R. 7.3(c).

### B. The Court Was Correct on Both Issues Raised by Defendant.

Since Defendant does not claim any newly-found evidence or change in law, to prevail on its Motion Defendant must show "a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Under Sixth Circuit precedent, "'manifest injustice' [is] defined as 'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004) (quoting *Black's Law Dictionary* 974 (7th ed. 1999)). A court should grant relief based on manifest injustice only "if the error is apparent to the point of being indisputable." *Block v. Meharry Med. Coll.*, No. 3:15-cv-00204, 2017 U.S. Dist. LEXIS 58289, *2 (M.D. Tenn. April 14, 2017). For a court to grant relief on this basis, "the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *Id.* at *3.

The Court here did not disregard arguments made by the parties. The Court did not misapply or fail to recognize controlling precedent. Defendant's arguments are basely largely on

7

a disagreement about statutory interpretation and superseded, non-controlling case law from the Ninth Circuit. The disappointment of the losing party does not demonstrate a manifest failure by the Court to consider material facts or legal argument. This is particularly true where, as here, the Court's analysis was simply correct.

1. <u>The Court Correctly Held That Lawyers May Be "Personal Representatives."</u>

Defendant argues that the Court erred by ruling that the term "personal representative" is not defined in HIPAA regulations. The portion of the Court's order challenged is as follows:

> Personal representative is not a defined term. But understood commonly as meaning "a person chosen or appointed to act or speak" "of, affecting, or belonging to a particular person rather anyone else," this would seem to include not just a spouse, as Plaintiffs argue, but also an attorney.

Order at 15. Defendant asserts, incorrectly, that "personal representative" is defined in 45 C.F.R. §164.502(g)(2) (entitled "Implementation specification: Adults and emancipated minors.")

The Court was correct that "personal representative" is not a defined term. "Personal representative" does not appear in the list of definitions applicable to the HIPAA regulations. *See* 45 C.F.R. § 164.501 (entitled "Definitions"). Nor is it defined in the section relied upon by Defendant. *See* 45 C.F.R. § 164.502 generally. Instead, as noted by the Court, 45 C.F.R. § 164.502(g) describes the ***actions*** that must be taken by a covered entity such as Ciox[2] with respect to personal representatives. Specifically, "a covered entity must. . . treat a personal representative as the individual" for purposes of fulfilling medical records requests. 45 C.F.R. §164.502(g)(1).

---

2  "Covered entity" here includes business associates of covered entities pursuant to 45 C.F.R. § 164.500(c) and 42 U.S.C. § 17934.

In disagreeing with the Court, Defendant argues that 45 C.F.R. §164.502(g)(2) implicitly defines the term "personal representative." *See* Motion (Doc. No. 43 at 3). In making this argument, Defendant asks the Court to ignore the regulatory language cited by the Court's Order and instead apply a definition not found in the text of the regulation. As the Court correctly held, 45 C.F.R. §164.502(g)(1) establishes a legal standard, requiring a covered entity to treat any "personal representative" as the "individual" with respect to medical records requests. Contrary to Defendant's suggestion, section (g)(2) does not define the term "personal representative." Instead, it applies an implementation specification, requiring covered entities to treat as a "personal representative" anyone with the authority to act on behalf of the individual in making decisions related to health care, regardless of whether that individual would otherwise be a "personal representative" under applicable law.

"A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States,* 444 U.S. 37, 42 (1979). The Court wisely and accurately looked to the ordinary, contemporary, common meaning of the term "personal representative." *See* Order at 15. In doing so, the Court relied on the New Oxford American Dictionary, which has been recommended by the late Justice Antonin Scalia as particularly "useful and authoritative for the English language." *Id.* at fn. 6. The Court committed no error in reaching this interpretation.

The Court's interpretation also finds support in Tennessee common law. Plaintiffs in this case were represented by counsel in their personal injury lawsuits. For more than a century, Tennessee law has acknowledged that lawyers are "personal representatives," chosen or appointed to act or speak on behalf of another. "An attorney is one that is set in the turn, state, or place, of another, and, when one is employed, he is authorized by the fact of his employment

9

as such (no limitations being attached thereto) to perform all proper acts for his client, in or out of court, necessary or pertinent to the business committed to his care." *Rogers v. Rogers*, 35 S.W. 890, 894 (Tenn. Ch. App. 1895).

The Tennessee Supreme Court has incorporated the common law rule into Rule 1.2 of the Tennessee Rules of Professional Conduct. Rule 1.2 outlines the scope of representation, and states that, "a lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation." *See* Tennessee Supreme Court Rule 8, Rules of Professional Conduct, Rule 1.2(a). A lawyer acts within the scope of his or her representation in a personal injury case when that attorney obtains medical records related to the injurious event and preexisting conditions which may affect the client's right of recovery. As a legal representative of the client acting within the scope of that representation, a lawyer is a "personal representative" who must be treated as the individual under HIPAA.

Defendant incorrectly implies that the Court reached beyond the pleadings to determine attorneys are personal representatives in this case. In fact, Plaintiffs' Amended Complaint alleges that Plaintiffs' attorneys were their personal representatives. *See* First Amended Class Action Complaint (Doc. No. 15 at ¶¶ 10, 14). The Court correctly "construe[d] the complaint in the light most favorable to the plaintiff and accept[ed] all factual allegations as true." *Trs. of Detroit Carpenters Fringe Ben. Funds v. Patrie Constr. Co.*, 618 Fed. Appx. 246, 251 (6th Cir. 2015).

The Court committed no error by interpreting the term "personal representative" in a manner consistent with the common usage of that term, Tennessee common law, and the Tennessee Rules of Professional Conduct. Defendant's aberrant definition would ignore this Court's clear reasoning and insert a definition into the HIPAA regulations where no such

10

definition exists. Defendant's disagreement with the Court's unwillingness to insert a new definition into regulations does not demonstrate the "manifest failure" to consider facts or law necessary under Local Rule 7.3(b)(3).

Additionally, Plaintiffs must note that Defendant's proposed definition would not alter the Court's Order in any substantial manner. Defendant argues that Plaintiffs' attorneys do not have the "ability to act on Plaintiffs' behalf in making decisions relating to health care." Motion (Doc. No. 43 at 3). In implementing this provision of the regulations, the Department of Health and Human Services ("HHS") clarified that this language from the implementation specifications was intended to be interpreted broadly: "'Decisions relating to health care' is broader than consenting to treatment on behalf of an individual; for example, it would include decisions relating to payment for health care." 65 F.R. 82462, 82633-4 (Dec. 28, 2000). Here, Plaintiffs' attorneys had authority to make myriad decisions relating to health care for Plaintiffs, including negotiation and resolution of medical liens, communicating with Medicaid and Medicare regarding their interests in any recovery[3], and obtaining and filing any necessary medical records or medical bills with applicable courts[4].

2. The Court Correctly Held That HIPAA Fee Limitations May Apply.

Defendant next claims the Court erred by conflating medical records requests and HIPAA authorizations. The portion of the Court's Order Defendant challenges is as follows:

---

3  *See* 42 U.S.C. §1395y, generally. *See also* 42 C.F.R. §411.21 and 42 C.F.R. §411.24(g) (providing Centers for Medicare & Medicaid Services a right of action to recover payments from attorneys where its interests are improperly protected).

4  *See* T.C.A. § 24-5-113(a) (a plaintiff's attachment of medical bills to the complaint may be prima facie evidence the bills were necessary and reasonable) and T.C.A. § 24-5-113(b) (providing a rebuttable presumption of reasonableness of medical bills where those bills are properly served on the other parties).

11

> But plaintiffs correctly pointed out that an individual may designate a third person to receive the protected information…plaintiffs argue in their memorandum that they complied with the requirements to send the protected health information to their attorneys. But under the general allegations that they or their attorneys made the medical records request of defendant, the Court finds that plaintiffs have sufficiently alleged a violation of the regulations promulgated under HIPAA.

Order at 15.

Defendant does not even attempt to explain how this portion of the Court's order contains a "manifest failure by the Court to consider material facts or dispositive legal arguments." W.D. Tenn. R. 7.3(b)(3).  Instead, Defendant makes the same argument already raised in its Reply Brief, arguing that it may simply disregard requests made or forwarded by an attorney acting as a personal representative of an individual.  *See* Reply Brief (Doc. No. 22-1 at 5-7).  Defendant claims there is a "clear, bright-line distinction" between "requests" made by an individual or their personal representative and "authorizations" for the release of records to unaffiliated third parties. *See* Motion (Doc. No. 43 at 4).  Defendant asks the Court to deem Plaintiffs' requests to be "authorizations" for the release of records rather than "requests" for their own records and thereby dismiss Plaintiffs' cause of action.  *Id.*

Defendant's argument is belied by its own pleadings in this case.  In support of its First Motion to Dismiss, Defendant filed a Declaration of Jason Martin, Defendant's custodian of records.  Mr. Martin declared, under penalty of perjury, that Plaintiffs' communications were requests:

> I am currently employed the Director of Credit and Collections with Defendant CIOX Health, LLC d/b/a HealthPort Technologies, LLC ("CIOX"). I am one of the custodians of the documents attached hereto, **which constitute <u>requests</u> for medical records received by or on behalf of the Plaintiffs** in this action and the invoices generated by CIOX in response to those <u>**requests**</u>.

*See* Decl. of Jason Martin (Doc. No. 13-1 at ¶2).  Defendant did not claim these admitted "requests" were "authorizations" in its First Motion to Dismiss.  Nor did it make such a claim in

12

its Second Motion to Dismiss. In fact, the word "authorization" does not appear at all in either of those pleadings.[5]

As the Court correctly noted and Defendant does not dispute, an individual may request access to their own medical records and may request that a copy of those records be sent to a third party. *See* Order (Doc. No. 40 at 15). As recognized by Mr. Martin, Plaintiffs, acting through their agents and legal counsel, requested their own medical records in this case. Defendant was not confused regarding Plaintiffs' attorneys' authority—Mr. Martin confirmed that these requests were made "by or on behalf of the Plaintiffs." (Doc. No. 13-1 at ¶2). Defendant may not disregard a request for access made by an individual merely because that individual acts through legal counsel empowered by law to make such requests.

Had Defendant been confused regarding the authority of Plaintiffs' counsel to request these records as personal representatives of Plaintiffs, it could have requested additional information to confirm the representation and authority. In fact, the guidance from HHS directs covered entities[6] to do just that:

> Where it is unclear to a covered entity, based on the form of a request sent by a third party, whether the request is an access request initiated by the individual or merely a HIPAA authorization by the individual to disclose PHI to the third party, the entity may clarify with the individual whether the request was direction from the individual or a request from the third party.

*See* HHS Guidance (Doc. No. 27-1 at 11). Defendant did not do so, most likely because it knew Plaintiffs' counsel were personal representatives entitled to the reduced fees under HIPAA and

---

5   Defendant spends a great deal of time arguing that the terms "authorization" and "request" are terms of art, with clear and bright-line distinctions between the two. Accepting *arguendo* that Defendant earnestly believes "requests" and "authorizations" are clear and distinct terms, Mr. Martin's repeated admission that these forms are "requests" is compelling evidence that Defendant did not view them as third-party "authorizations" as it now argues.

6   The term "covered entity" here includes business associates such as Defendant. *See supra* footnote 2.

that Plaintiffs' requests were, in fact, "requests" under HIPAA for their records to be sent to their attorneys.

Defendant argues, incorrectly, that the Ninth Circuit's reasoning in *Webb* remains applicable in supporting Defendant on this point and that the Court should reconsider its Order based on this non-controlling case. *Webb v. Smart Document Solutions, LLC*, 499 F. 3d 1078 (9th Cir. 2007). However, *Webb* is inapplicable because it was decided prior to the HITECH Act and prior to a change in the HIPAA regulations. The HITECH Act includes provisions that require a covered entity to provide medical records to third parties upon request. *See* 42 U.S.C. §17935(e) (enacted Feb. 2009). The HIPAA regulations were amended to confirm that covered entities must provide medical records to third parties without requiring an "authorization." *See* 78 F.R. 5634-35 (January 25, 2013) ("[t]he final rule adopts the proposed amendment Sec. 164.524(c)(3) to expressly provide that, if requested by an individual, a covered entity must transmit the copy of protected health information directly to another person designated by the individual.") The 2013 amendments to the HIPAA regulations added the following language:

> If an individual's request for access directs the covered entity to transmit the copy of protected health information directly to another person designated by the individual, the covered entity must provide the copy to the person designated by the individual. The individual's request must be in writing, signed by the individual, and clearly identify the designated person and where to send the copy of protected health information.

45 C.F.R. § 164.524(c)(3)(ii). *See also* 78 F.R. 5634-35 (January 25, 2013) (confirming the addition).

When *Webb* was decided, the HITECH Act did not exist, nor did the minimal requirements for a "request" that medical records be sent to another person. Like the 2013 amendments to the HIPAA regulations, the HITECH Act explicitly permits records to be sent to a person other than the individual. The relevant language of the HITECH Act is as follows:

14

> the individual shall have a right to obtain from such covered entity a copy of such information in an electronic format and, if the individual chooses, to direct the covered entity to transmit such copy directly to an entity or person designated by the individual, provided that any such choice is clear, conspicuous, and specific;

42 U.S.C. §17935(e)(1). This language, enacted after the *Webb* decision, provides a right for an individual to direct their medical records to another person including their attorneys, which supersedes the reasoning in *Webb*.

Contrary to Defendant's argument, Plaintiffs are not conflating third-party "authorizations" with "requests." *See* Motion (Doc. No. 43 at 4-10). Nor would Plaintiffs expect such a tactic to confuse the Court, as Defendant claims occurred. Instead, as the Court recognized, Plaintiffs' counsel served as personal representatives of Plaintiffs and appropriately requested Plaintiffs' medical records. Defendant's argument that an attorney acting as a personal representative must be treated as a third party is unsupported by law and the record in this case. Instead, Defendant, through Mr. Martin, has confirmed that it knew these were "requests" "received by or on behalf of Plaintiffs." *See* Decl. of Jason Martin (Doc. No. 13-1 at ¶2).

Defendant's efforts to violate the HITECH Act and regulations by using "authorizations" in place of known "requests" are apparent in this case. Defendant routinely attempts to "circumvent the access fee limitations" by treating requests by patients made through their attorneys as "third party requests," and directing individuals to fill out HIPAA authorizations. *See* HHS Guidance (Doc. No. 27-1 at 11) (cautioning that such circumvention is improper). Defendant attempted to "circumvent the access fee limitations" by directing Ms. Monroe to fill out a HIPAA authorization. *See* August 12, 2016 Letter from Defendant at p. 2-4 (Doc. No. 27-2.) When Ms. Monroe refused to sign this authorization, Defendant refused to send Ms. Monroe the requested records, in blatant violation of HIPAA.

15

Defendant's argument, at its core, is that it should be permitted to ignore "requests" or interpret them as third-party "authorizations" when those requests involve an attorney acting as an agent and personal representative of an individual. HIPAA does not permit such a tactic. Nor do its regulations. Nor does the HITECH Act. Instead, the Court was correct that an attorney may be a personal representative and may be a proper recipient of medical records pursuant to a patient's request. Defendant has failed to show *any* error of law by the Court on this topic, much less a manifest failure by the Court to consider material facts or dispositive legal arguments.[7]

## IV. CONCLUSION

In its Motion, Defendant fails to demonstrate a change in law, newly discovered evidence, or a manifest failure by the Court to consider the facts or arguments of the parties, pursuant to Fed. R. Civ. P. 54(b) and Local Rule 7.3. Instead, Defendant has merely repeated its arguments on two issues it seeks to re-litigate: 1) whether "personal representative" in 45 C.F.R. §164.502(g) includes attorneys, and 2) the distinction between "requests" and "authorizations" under HIPAA. As explained above, both issues have been thoroughly argued by the parties and properly decided by the Court. Defendant's Motion should be denied, both because Defendant's mere repetition of arguments is improper on a Rule 54(b) motion to alter or amend, and because the Court's reasoning was correct.

---

7   To the extent that Defendant's argument is based on the *Webb* case, it is questionable whether Defendant could show a manifest failure to consider dispositive legal arguments, because the *Webb* decision is not controlling precedent on this Court.

RESPECTFULLY SUBMITTED, this the 13th day of November, 2017.

/s/ Tim Edwards
/s/ Kevin McCormack
Tim Edwards (TN BPR# 5353)
Kevin M. McCormack (TN BPR# 29295)
Ballin, Ballin & Fishman, P.C.
200 Jefferson Ave., Suite 1250
Memphis, TN 38103
Office (901) 525-6278
Fax (901) 525-6294
tedwards@bbfpc.com
kmccormack@bbfpc.com

/s/ Ami A. Davé
Ami A. Davé (TN BPR# 33940)
P.O. Box 17485
Memphis, TN 38187
Tel: (901) 216-1134
amidavelaw@gmail.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically upon the parties as indicated below. Parties may also access this filing through the Court's ECF system.

Garry K. Grooms
Burr & Forman, LLP
511 Union Street, Suite 2300
Nashville, TN 37219
ggrooms@burr.com


   Dated this the 13th day of November, 2017.


               /s/ Kevin McCormack
               KEVIN M. MCCORMACK