# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD FABER, individually, and on behalf of all similarly situated persons, and JENNIFER MONROE, individually, and on behalf of all similarly situated persons, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 2:16-cv-02337-STA-cgc |
| CIOX HEALTH, LLC, d/b/a Healthport Technologies, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Before the Court is the Motion of Plaintiffs Richard Faber and Jennifer Monroe, both individually and on behalf of all similarly situated persons, for Class Certification and Appointment of Class Counsel (ECF No. 54). Plaintiffs seek class certification on the basis of Rule 23(b)(1)(A) or, in the alternative, Rule 23(b)(3). Defendant would have the Court deny certification on several grounds. For reasons set forth below, the instant Motion is **GRANTED**.

## BACKGROUND

As the Court must once again accept Plaintiffs' allegations as true, *see infra* Standard of Law, the Court refers to its recitation of those allegations in its Order Granting in Part and Denying in Part Defendant Ciox Health, LLC, d/b/a Healthport Technologies, LLC's Motion to Dismiss (ECF No. 40). *Faber v. Ciox Health, LLC*, 2017 U.S. Dist. LEXIS 218524, at *2–6 (W.D. Tenn. Sept. 29, 2017). In summary thereof, the Court would state that this action

primarily concerns allegations that Defendant routinely and systematically overcharges patients for access to their medical records in violation of federal and Tennessee law. Because the relevant federal statutes do not provide a private cause of action, Plaintiffs advance their suit under several state law claims.

## STANDARD OF LAW

Plaintiffs seek class certification under Federal Rule of Civil Procedure 23. "A district court has broad discretion to decide whether to certify a class." *Glazer v. Whirlpool Corp. (In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.)*, 722 F.3d 838, 850 (6th Cir. 2013) (citing *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)). "To obtain class certification, a claimant must satisfy two sets of requirements: (1) each of the four prerequisites under Rule 23(a), and (2) the prerequisites of one of the three types of class actions provided for by Rule 23(b). A failure on either front dooms the class." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945–46 (6th Cir. 2011). "The party who is invoking Rule 23 has the burden of showing by a preponderance of the evidence that all the prerequisites to utilizing the class-action procedure have been satisfied." Alan Wright, et al., *Federal Practice and Procedure* § 1759 (3d ed. Update Apr. 2018); *see also Glazer*, 722 F.3d at 851 (citing *Am. Med. Sys., Inc.*, 75 F.3d at 1079) ("The plaintiffs carry the burden to prove that the class certification prerequisites are met . . . ."). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "[I]f [the] plaintiff's definition of the class is found to be unacceptable, the court may construe the complaint or

redefine the class to bring it within the scope of Rule 23 . . . ."  Wright, et al., *supra*, § 1759

(citing *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592 (6th Cir. 2007)).

"The Supreme Court's recent opinions in *Amgen* and *Dukes* now clarify that some

inquiry into the merits may be necessary to decide if the Rule 23 prerequisites are met."  *Glazer*,

722 F.3d at 851 (citations omitted); *see also Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568

U.S. 455 (2013); *Dukes*, 564 U.S. 338.  At the class-certification stage, however, district courts

must constrain themselves to consideration of the merits only insofar as it is relevant to the

certification decision.  "In other words, district courts may not 'turn the class certification

proceedings into a dress rehearsal for the trial on the merits.'"  *Glazer*, 722 F.3d at 851–52

(quoting *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 811 (7th Cir. 2012)).  While the

Court assumes the truth of the allegations in the Complaint for purposes of class certification, it

must "conduct a rigorous analysis of the petition to ensure that all of the prerequisites are fully

met."  *Bradberry v. John Hancock Mut. Life Ins. Co.*, 217 F.R.D. 408, 412 (W.D. Tenn. 2003)

(citing *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

## ANALYSIS

### I.    Threshold Questions

Before examining Rule 23's requirements, the Court must make two threshold

determinations.  First, the Court must ensure that an identifiable "class" exists.  *See* Alan Wright,

et al., *Federal Practice and Procedure* § 1760 (3d ed. Update Apr. 2018).  "[T]he class

definition must be sufficiently definite so that it is administratively feasible for the court to

determine whether a particular individual is a member of the proposed class."  *Young v.

Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537–38 (6th Cir. 2012) (citing *John v. Nat'l Sec. Fire &

Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007); 5 James W. Moore et al., *Moore's Federal Practice*

§ 23.21[1] (Matthew Bender 3d ed. 1997)).  "[T]he size of a potential class and the need to review individual files to identify its members are not reasons to deny class certification."  *Id.* at 539–40 (citing *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 722 (9th Cir. 2010); *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 145 (2d Cir. 2001); *Perez v. First Am. Title Ins. Co.*, 2009 U.S. Dist. LEXIS 75353, at *20 (D. Ariz. Aug. 12, 2009); *Slapikas v. First Am. Title Ins. Co.*, 250 F.R.D. 232, 250 (W.D. Pa. 2008)).  Second, the Court must "determine whether the named representative party is a member of the class that party purports to represent." Wright, et al., *supra*, § 1761; *see also Faralli v. Hair Today, Gone Tomorrow*, 2007 U.S. Dist. LEXIS 1977, at *13 (N.D. Ohio Jan. 10, 2007) ( "[T]he named representative must be a member of the class.").

Plaintiffs identify their proposed class—excluding Defendant, its affiliates and families, the undersigned judge, and his staff—as follows:

> From May 13, 2010 to the present, Plaintiffs and all similarly situated patients who, personally or through a personal representative such as an attorney, requested their medical records from Ciox or one of Ciox's medical provider clients in Tennessee, and whom Ciox charged any of the following:  (1) a "basic fee" and/or "electronic delivery fee" the combined value of which exceeds $6.50; (2) a "per page (paper)" fee when records were delivered electronically; or, (3) a "per page(paper)" fee that exceeds the actual labor and supply costs incurred by Ciox in fulfilling that request.

Pls.' Mem. of Facts & Law in Supp. of Mot. for Class Cert. and App't of Class Counsel, at 8, Feb. 1, 2018, ECF No. 54-1 [hereinafter "Pls.' Mem."].  In the Court's view, this class is sufficiently identifiable in the sense that determining whether a given individual is a member of the class is a manageable task.  No aspect of Plaintiffs' proposed class appears to the Court as "amorphous" or "imprecise."  *Young*, 693 F.3d at 538 (citation omitted).  Whether an individual was charged one or more of the fees indicated by Plaintiffs after making a request in the manner described by Plaintiffs requires a straightforward, fact-based inquiry.  And Plaintiffs' allegations

and their attached exhibits demonstrate that they are members of the proposed class. The Court

therefore finds that Plaintiffs have satisfied the threshold questions of class certification. Next, it

will address the prerequisites set forth in Rule 23(a).

## II.     Rule 23(a) Prerequisites

Plaintiffs represent to the Court that each prerequisite of Federal Rule of Civil Procedure

23(a) is satisfied. Under Rule 23(a), the Court may certify a class only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or
    defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the
    class.

Fed. R. Civ. P. 23(a). "These four requirements—numerosity, commonality, typicality,

and adequa[cy]—serve to limit class claims to those that are fairly encompassed within the

claims of the named plaintiffs because class representatives must share the same interests and

injury as the class members." *Glazer v. Whirlpool Corp. (In re Whirlpool Corp. Front-Loading*

*Washer Prods. Liab. Litig.)*, 722 F.3d 838, 850 (6th Cir. 2013) (citing *Wal-Mart Stores, Inc. v.*

*Dukes*, 564 U.S. 338 (2011)). Defendant concedes numerosity but argues that Plaintiffs have

failed to demonstrate the other three prerequisites. The Court will address the arguments as to

each prerequisite in turn below but ultimately concludes that Plaintiffs have sufficiently

demonstrated numerosity, commonality, typicality, and adequacy, thereby satisfying Rule 23(a).

### A.     Numerosity

To satisfy the numerosity requirement, the proposed class must be "so numerous that

joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "There is no specific number

below which class action relief is automatically precluded. Impracticability of joinder is not

determined according to a strict numerical test but upon the circumstances surrounding the case."

*Senter v. GMC*, 532 F.2d 511, 523 n.24 (6th Cir. 1976) (citing *Cash v. Swifton Land Corp.*, 434 F.2d 569, 571 (6th Cir. 1970)); *see also Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980) ("The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations."). But the "sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)." *Bacon v. Honda of Am. Mfg.*, 370 F.3d 565, 570 (6th Cir. 2004) (citing 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.5 (4th ed. 2002)). Indeed, this Court has previously noted that "the numerosity requirement is [generally] fulfilled when the number of class members exceeds forty," *Isabel v. Velsicol Chem. Corp.*, 2006 U.S. Dist. LEXIS 42279, at *11–12 (W.D. Tenn. June 20, 2006) (citing *Stewart v. Abraham*, 275 F.3d 220 (3d Cir. 2001)), or if "the exact size of the class is not known, but general knowledge and common sense indicate[] that the class is large." *Id.* at *12 (citing *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 269 (E.D. Mich. 2001), *aff'd* 383 F.3d 495 (6th Cir. 2004)).

Here, Defendant has admitted to charging, in the manner described by Plaintiffs in their class proposal, over one hundred individuals for access to their medical records. Pls.' Mem., at 11 (citing Def.'s Resp. to Pls.' 2d Set of Interrogs., Reqs. for Produc. of Docs. & Req. for Admiss., at 3, Jan. 10, 2018, ECF No. 54-5). Plaintiffs further assert that the class may in fact consist of thousands of members. *Id.* (citing Decl. of Kevin McCormack in Supp. of Mot. for Class Cert., ¶¶ 14–15, Feb. 1, 2018, ECF No. 54-4). As indicated above, Defendant does not challenge Plaintiffs' demonstration of numerosity. Therefore, the Court finds that Plaintiffs have satisfied the numerosity requirement of Rule 23(a)(1).

### B. Commonality

Rule 23(a) next requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Despite Rule 23(a)(2)'s plural usage, the United States Court of Appeals has stated that the Rule "simply requires *a* common question of law or fact." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997) (citing *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1990)); *see also In re Am. Med. Sys.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (quoting Newberg & Conte, *supra*, § 3.10) (citing *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988)) ("The commonality test 'is qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class.'"). But this standard does not mean that "every common question . . . will suffice . . . ." *Sprague v. GMC*, 133 F.3d 388, 397 (6th Cir. 1998). The Court is "looking for . . . a common issue [that] the resolution of which will advance the litigation." *Id.* The class's "claims must depend upon a common contention . . . . [t]hat . . . must be of such a nature that it is capable of classwide resolution . . . ." *Dukes*, 564 U.S. at 350. A "determination of [a common question] . . . will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

Here, Plaintiffs submit six common questions that they say satisfy the commonality requirement. Pls.' Mem., at 12–13. All six seek to answer, in part, the three questions this case can be distilled down to: (1) whether Defendant's method of charging for the provision of medical records violated federal law; (2) if so, whether such violations are actionable under Tennessee law; and (3) whether Plaintiffs can establish that Defendant's actions otherwise violated Tennessee law. Defendant, however, challenges the commonality of Plaintiffs' six questions on two broad bases. First, Defendant asserts that the class definition is assembled from HIPAA regulations that lack "the force and effect of law" and do "not create private rights."

Def.'s Mem. of Facts & Law in Opp'n to Pls.' Mot. for Class Cert. and App't of Class Counsel, at 7, Mar. 30, 2018, ECF No. 68 [hereinafter "Def.'s Mem."]. Second, Defendant attacks the individualized nature of each class member's claim regarding different fee amounts and types, as well a more individualized analysis appropriate for several of the theories advanced by Plaintiffs in asserting their claims.

The Court is not persuaded by Defendant's arguments. As to Defendant's first contention, Defendant seems to really be attacking whether its conduct can result in liability under federal law. The Parties continue to touch upon this question in their subsequent rounds of briefing without providing any additional clarity. It is an essential question to be sure. And it is one to be answered in due course. But it is, in part, what the common questions posed by Plaintiffs are ultimately aimed at answering. The Court does not see why such an issue should preclude Plaintiffs' suit from going forward when, indeed, the resolution of this issue is central to the resolution of this case. And as for the factual variances and possible need for individualized analyses, such contentions are insufficient. These minute differences do not drown out the broader common questions at the heart of this dispute. The Court finds that Plaintiffs have satisfied the requirement of commonality.

C.      Typicality

Third, Rule 23(a) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Am. Med. Sys.*, 75 F.3d at 1082 (quoting Newberg & Conte, *supra*, § 3.13).

Here, Plaintiffs argue that their claims and those of the class members "have a common source and rest on the same legal theories:  the . . . unlawful charging and collection of fees in excess of the 'cost-based' fees permitted by law in response to patient requests for medical records."  Pls.' Mem., at 14.  Defendant again attempts to differentiate Plaintiffs from the rest of the class by raising factual variances that are ultimately immaterial to this issue.  But the Court is not persuaded that variations in the harm alleged or the way a particular class plaintiff sought and used Defendant's services are sufficient to defeat typicality.  Accordingly, the Court finds that Plaintiffs have satisfied the typicality requirement.

### D.      Adequacy

Finally, Rule 23(a) also requires a demonstration that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "This prerequisite is essential to due process, because a final judgment in a class action is binding on all class members."  *Am. Med. Sys.*, 75 F.3d at 1083 (citing *Hansberry v. Lee*, 311 U.S. 32 (1940); *Smith v. Babcock*, 19 F.3d 257, 264 n.13 (6th Cir. 1994); Newberg & Conte, *supra*, § 3.21).  There are two criteria that must be met in order to satisfy adequacy:  "(1) The representative must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel."  *Senter*, 532 F.2d at 525 (citing *Gonzales v. Cassidy*, 474 F.2d 67, 73 (6th Cir. 1973); 3B James W. Moore, *Federal Practice* ¶ 23.07[2] (2d ed. 1974)).  "The first criterion . . . requires that there be no antagonism of interest or conflict of interest between the representative plaintiffs and the other members of the class they seek to represent.  The second criterion inquires into the competency of counsel."  *Coleman v. GM Acceptance Corp.*, 220 F.R.D. 64, 80 (citing *Am. Med. Sys.*, 75 F.3d at 1083).

Here, Plaintiffs maintain that there is no conflict of interests between themselves and the class members as they have the same legal claims stemming from the same injuries, ensuring that Plaintiffs will seek to pursue the claims of the class. Plaintiffs have also stated that they have secured counsel with extensive experience in class action cases and other complex litigation, and therefore they will properly prosecute this case against Defendant.

But Defendant argues that Plaintiffs have failed to demonstrate adequacy because there is a substantial possibility that certain counsel could be called as fact witnesses on Plaintiffs' medical records at trial. Defendant points to an unpublished decision from the United States District Court for the Western District of Kentucky (the "Western District of Kentucky"), which states that "[w]here there is a substantial possibility that the class counsel will be called as a witness to the transaction in which he or she represented the named plaintiffs, and might therefore be disqualified from serving as counsel, the named plaintiffs are not adequate representatives of the class." *Poynter v. Ocwen Loan Servicing, LLC*, 2017 WL 2779489, at *12 (W.D. Ky. June 27, 2017) (quoting John Bordeau, et al., 32B Am. Jr. 2d. *Federal Courts* § 1669 (2017)).[1] Defendant also cites to Rule 3.7 of the Tennessee Rules of Professional Conduct, which states that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a *necessary* witness . . . ." Tenn. R. Prof'l Conduct 3.7(a) (emphasis added). According to Defendant, Plaintiffs' attorneys are best situated to testify as to the events underlying Plaintiffs' claims because neither named Plaintiff could recall or was "aware of critical portions of the process by which their medical records were requested, received, and paid for, and both testified

---

[1] It appears to the Court that as of the May 2018 update of the Second Edition of American Jurisprudence, the relevant section is now section 1562 because both the exact quotation offered by the Western District of Kentucky and the reference citation appear therein. *See* George L. Blum, et al., 32B Am. Jr. 2d. *Federal Courts* § 1562 (2018) (citing *Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371 (11th Cir. 1984)).

that their attorneys would be the ones who could fill in those gaps with testimony at trial."

Def.'s Mem., at 13 (citing Dep. of Jennifer Monroe, 75:14–16, 76:2–9, 87:15–17, 143:9–14,

187:20–21, Mar. 19, 2018, ECF No. 72 [hereinafter "Monroe Dep."]; Dep. of Richard Faber,

57:1–6, Mar. 20, 2018, ECF No. 73 hereinafter "Faber Dep."])). Defendant further states that

Plaintiffs also identified their attorneys as persons with "knowledge of events described in the

Amended Complaint." *Id.* (citing Pl. Richard Faber's Resp. to Def. Ciox Health, LLC's 1st Set

of Interrogs. & 1st Reqs. for Produc. of Docs. to Pl. Richard Faber, ¶ 2, Feb. 12, 2018, ECF No.

69-2; Pl. Jennifer Monroe's Resp. to Def. Ciox Health, LLC's 1st Set of Interrogs. & 1st Reqs.

for Produc. of Docs. to Pl. Jennifer Monroe, ¶ 2, Feb. 13, 2018, ECF No. 69-4). Plaintiffs

respond, however, with a decision from this very Court. Though facing a question of

disqualification of counsel in a motion to disqualify rather than a finding of adequacy under

Federal Rule of Civil Procedure 23(a)(4), the Court declined to disqualify an attorney under

Tennessee Rule of Professional Conduct 3.7 in *AFSCME Local 1733 v. City of Memphis*, 2011

U.S. Dist. LEXIS 159402, at *9–10 (W.D. Tenn. Aug. 10, 2011), even though the attorney in

question "had 'primary and intimate involvement with' the negotiations" between the parties

from which their dispute ultimately arose. *Id.* at *3–5, 8–9. The Court reasoned as it did

because the movant had "not met its burden of showing that [the attorney was] a necessary

witness under Rule 3.7." *Id.* at *9 ("Members of the Memphis Police Association's negotiating

team other than Godwin would be able to testify about the negotiations. Because the City

recorded the negotiating sessions, and the final session was transcribed by a court reporter, the

City would also be able to introduce documentary evidence to support its arguments. Those

alternative sources of evidence make Godwin's testimony unnecessary."). Plaintiffs represent

that the potential testimony of their attorneys would not be necessary because the requests and

payments that the attorneys might testify about have been "thoroughly documented and those documents have been produced to Defendant." Pls.' Reply to Def.'s Opp'n to Pls.' Mot. for Class Cert., at 7–8, Apr. 4, 2018, ECF No. 77. Plaintiffs further maintain that any other issue relevant to the requests "such as when and how the records were requested, which invoices were paid, and what records, if any, were received" can be resolved through documentary evidence. *Id.* at 8. The Court agrees with Plaintiffs. It does not appear to the Court that the attorneys in question representing Plaintiffs are *necessary* witnesses and therefore the Court sees no reason to conclude that are they inadequate under Rule 23(a)(4).

Defendant also argues that Plaintiff failed to sufficiently investigate their counsel in order to determine that they would be qualified to represent the class in this case. But the Court is not persuaded. Plaintiffs' representations as to the competency of counsel are sufficient that such an argument as to Plaintiffs' preliminary research into their attorneys should not alone deprive them of a finding of adequacy from this Court. And furthermore, Defendant fails to cite a single source of authority supporting this argument.

For the foregoing reasons, the Court is satisfied that Plaintiffs have demonstrated adequacy. And because the Court has now concluded that Plaintiffs have demonstrated each of the four prerequisites under Federal Rule of Civil Procedure 23(a), the Court further finds that Plaintiffs have satisfied the prerequisites of class certification and will turn its attention to certification under Rule 23(b).

III. **Certification Under Rule 23(b)**

Plaintiffs first seek certification under Federal Rule of Civil Procedure 23(b)(1)(A). Although the Parties have spent considerable ink and pages arguing this particular issue, the Court declines to resolve it. Instead, because it is clear to the Court that Plaintiffs satisfy the

necessary requirements, the Court will certify the class pursuant to Rule 23(b)(3). The Court's

analysis as to those requirements is as follows.

In the present Motion, Plaintiffs alternatively seek certification under Rule 23(b)(3).

Rule 23(b)(3) is satisfied if "the court finds that the questions of law or fact common to class

members predominate over any questions affecting only individual members, *and* that a class

action is superior to other available methods for fairly and efficiently adjudicating the

controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added). These two requirements have come to

be known as predominance and superiority. In resolving questions of predominance and

superiority, the Court is to consider

> (A)   the class members' interests in individually controlling the prosecution or
>       defense of separate actions;
> (B)   the extent and nature of any litigation concerning the controversy already
>       begun by or against class members;
> (C)   the desirability or undesirability of concentrating the litigation of the
>       claims in the particular forum; and
> (D)   the likely difficulties in managing a class action.

*Id.* Predominance is established by demonstrating that a common question "is at the heart of the

litigation." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).

"Predominance is usually decided on the question of liability, so that if the liability issue is

common to the class, common questions are held to predominate over individual ones." *Ham v.*

*Swift Transp. Co.*, 275 F.R.D. 475, 483 (W.D. Tenn. July 1, 2011) (quoting *Weinberg v.*

*Insituform Techs., Inc.*, 1995 U.S. Dist. LEXIS 5124, at *20 (W.D. Tenn. Apr. 7, 1995)) (citing

*In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 307 (E.D. Mich. 2001)). Typically, "[t]he

predominance requirement is satisfied unless it is clear that individual issues will overwhelm the

common questions and render the class action valueless." *Cardizem CD Antitrust Litig.*, 200

F.R.D. at 307 (citing *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 517

(S.D.N.Y. 1996)). Superiority, on the other hand, "compels the court to balance the merits of a class action in terms of fairness and efficiency." *Ham*, 275 F.R.D. at 488 (quoting *Violette v. P.A. Days, Inc.*, 214 F.R.D. 207, 216 (S.D. Ohio 2003)) (citing *Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 680–81 (N.D. Ohio 1995)).

The Court agrees with Plaintiffs that their common questions predominate this action because those questions, "at the heart" of this litigation, go to the question of liability. The essence of this case is whether Defendant's conduct violated federal law in such a manner that creates a remedy under Tennessee law or otherwise independently violated Tennessee law. Defendant's continued reliance on immaterial factual variances does no more to persuade the Court on this issue than it has previously.

Thus, the final consideration is whether Plaintiffs have established superiority of the class action as the proper vehicle for this litigation. Defendant does not argue that Plaintiffs have failed to demonstrate superiority. And Plaintiffs contend that the small dollar amount at stake for each individual class member, the lack of a separate suit filed by an absent class member, the presence of evidence and witnesses in this forum, and the capability of the representatives to manage the class members through direct mailings and newspaper publications all weigh in favor of a finding of superiority. The Court agrees, and it is satisfied that Plaintiffs have demonstrated superiority of the class action device.

Because the Court has found that questions of law or fact common to the class members predominate this litigation and that Plaintiffs have demonstrated the superiority of a class action to resolve said questions, the Court concludes that certification under Rule 23(b)(3) is appropriate.

# CONCLUSION

Because Plaintiffs have satisfied the threshold questions, the Rule 23(a) prerequisites, and the requirements for one of the certification avenues under Rule 23(b), Plaintiffs' Motion for Class Certification and Appointment of Class Counsel is hereby **GRANTED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE


Date: July 10, 2018.